The **GENERAL TIRE & RUBBER COMPANY,**
and
**Gilbert H. Swart, Plaintiffs,**
v.
Edward J. **BRENNER,** Commissioner of Patents, Defendant.
Civ. A. Nos. 1505–64, 1506–64.
United States District Court
District of Columbia.
Aug. 5, 1966.

Edward B. Beale, Robert H. Berdo, Beale and Jones, Washington, D. C., for plaintiffs.

Joseph Schimmel, Sol., Washington, D. C., for defendant.

## FINDINGS OF FACT

JACKSON, District Judge.

1. These are consolidated civil actions brought under the provisions of 35 U.S.C. § 145 in which the plaintiffs seek a judgment from this Court authorizing the defendant to grant to plaintiffs Letters Patent of the United States based upon claims of two patent applications of the individual plaintiff, Gilbert H. Swart, said applications being identified as Serial No. 404,014, filed January 14, 1954 (involved in Civil Action No. 1505–64) and Serial No. 187,530, filed April 16, 1962 (involved in Civil Action No. 1506–64).

2. The corporate plaintiff, The General Tire and Rubber Company, is the record owner of all right, title and interest in and to the aforementioned applications.

3. Four claims are at issue in Civil Action No. 1505–64, being numbered 1, 4, 5 and 7 in the involved application; while only one (Claim 1) is at issue in Civil Action No. 1506–64.

4. The claims in each application were rejected by the Examiner and the Board of Appeals on the ground that they were essentially anticipated under 35 U.S.C. § 102(e) by the Bartley patent, U. S. No. 2,997,376, granted on August 22, 1961, on an application filed on December 5, 1946. It appears from the decision of the Board of Appeals in each application that plaintiff did not contend before that tribunal that Bartley does not disclose the subject matter of the claims. The sole issue in the Patent Office appears to have been whether an earlier parent Swart application, Serial No. 626,356, filed November 2, 1945, has adequate supporting disclosure for the subject matter presently claimed. (Defendant's Exhibit 1–D, page 2).

5. The invention defined in the claims now at issue relates to a process of preparing a solid rocket fuel involving (1) preparing a two-component mixture of a solid inorganic oxidizing agent with an unvulcanized, liquid polysulfide rubber, (2) forming the mixture, as by casting, into a desired shape, and (3) curing the shaped composition to produce the solid propellant.

6. Claims 1 and 5 of the application involved in Civil Action No. 1505–64 are method of preparation claims, while claims 4 and 7 of that application define a product produced according to the claimed process.

7. Claim 1 of the application involved in Civil Action No. 1506–64 is also a method of preparation claim of broader scope than process Claim 1 of the application involved in Civil Action No. 1505–64.

8. Plaintiffs agree that only one patent may issue based upon the involved applications, because the claims of each application in suit are directed to the same invention.

9. Defendant concedes that the Swart continuation-in-part application filed in 1949 discloses the subject matter of the claims presently at issue, as do the 1954 and 1962 applications directly involved in these civil actions.

10. The parent Swart 1945 application (now abandoned) discloses the generic concept of producing a solid rocket fuel by combining a liquid one-or two-component polymeric material with solid inorganic oxidizing agents to produce a two-or three-component mixture suitable for casting into the desired shape. That parent application does not disclose a castable liquid two-component mixture utilizing *liquid* polysulfide rubbers alone (without a compatible organic liquid component) as the sole combustible material for producing a solid rocket fuel. The 1945 application discloses a three-component mixture comprising an oxidizing agent, a *solid* polysulfide rubber, and as a third *essential* ingredient, a compatible organic liquid component.

11. The evidence shows that solid polysulfide rubbers were known to the art long prior to the filing date of the Swart 1945 application.

12. The evidence shows that liquid, castable polysulfide rubbers had become publicly available at the time the Swart 1945 application was filed, their first use being in 1944, although they were not common and well known to those skilled in the art in 1945, unlike the earlier solid polysulfide rubbers.

13. Though the application involved in these proceedings contain a specific example in which Thiokol LP–2, a commercially available liquid polysulfide rubber, is disclosed as the rubbery material used in making the propellant, plaintiffs' 1945 application does not contain a similar or analogous working example specifically disclosing *any* polysulfide rubber, either solid or liquid.

14. No claim was present, in the 1945 application as filed, which was limited to the use of organic polysulfide rubbers in making the solid propellant, and no such claim was presented during the prosecution of that parent application, prior to its express abandonment in 1949, which was so limited.

15. The invention of the 1945 Swart application was different from the invention of the applications involved in the present actions, and also different from the invention originally disclosed in the Bartley application, as filed in 1946.

16. Swart application Serial No. 626,-356, filed November 2, 1945 does not disclose the same invention as that defined by the claims at issue in these actions.

## CONCLUSIONS OF LAW

1. Where a prior parent application contains only disclosure of a generic nature, and the specification does not clearly teach the use of specific materials falling within the scope of the disclosed genus, claims to the specific material are not entitled to the benefit of the filing date of the parent application. Watson v. Bersworth et al., 102 U.S.App.D.C. 187, 251 F.2d 898 (1958).

2. Section 120 of 35 U.S.C. is the only statutory basis for according a later filed continuation-in-part application the benefit of the filing date of a prior U. S. patent application of the same inventor, and then only under certain conditions. One condition is that the inventions disclosed in the two applications must be the same. See Federico, "Commentary on the New Patent Act," 35 U.S.C.A., pp. 31–33 (1954).

3. Bartley U. S. Patent No. 2,-997,376, granted August 22, 1961, on an application filed December 5, 1946, is a valid reference against the 1954 and 1962 applications involved in these proceedings, to the extent that the applications in suit are not entitled to the benefit of the filing date of the 1945 application for subject matter not commonly disclosed. 35 U.S.C. §§ 102(e), 120.

4. Claims 1, 4, 5 and 7 of plaintiffs' application Serial No. 404,014, filed January 14, 1954 (involved in Civil Action 1505–64) are unpatentable, in view of the original Bartley application disclosure of 1946. 35 U.S.C. § 102(e).

5. Claim 1 of plaintiffs' application Serial No. 187,530, filed April 16, 1962 (involved in Civil Action 1506–64) is unpatentable in view of the original Bartley application disclosure of 1946. 35 U.S.C. § 102(e).

6. Plaintiffs are not entitled to a patent containing any of the claims in issue of the Swart applications involved in these two civil actions.

7. The Complaints should be dismissed.